# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO
# NORTHERN DIVISION

| | |
|---|---|
| FRIENDS OF THE CLEARWATER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JEANNE HIGGINS, in her official capacity as Forest Supervisor of the Idaho Panhandle National Forests, *et al.*,<br><br>Federal Defendants,<br><br>and<br><br>STIMSON LUMBER COMPANY,<br><br>Defendant-Intervenor. | Case No. 2:20-cv-243-BLW<br><br>**JOINT MOTION TO AMEND THE SCHEDULING ORDER** |

Plaintiffs, Federal Defendants, and Defendant-Intervenor jointly move to amend the scheduling order in this case. On March 16, 2021, the Parties filed a joint motion to amend the scheduling order. Dkt 54. The joint motion states: "Federal Defendants will provide the privilege log to Plaintiffs by April 19. [] Plaintiffs will confer with Federal Defendants regarding any disputes related to the privilege log or withheld documents by May 3. [] If the Parties are unable to resolve disputes related to the privilege log or withheld documents, Plaintiffs will file a motion to compel production or similar motion by May 17. . . . In contrast, if the Parties are able to resolve disputes related to the privilege log or withheld documents, or if there are no such disputes, the Parties will

provide the Court with a joint briefing schedule for cross-motions for summary judgment by May 17." Dkt 54 at 2.

Plaintiffs will not file a motion to compel in this case. Thus, the Parties now propose the following schedule for briefing on cross-motions for summary judgment:

1. Plaintiffs' motion for summary judgment, which shall be no more than 35 pages, shall be filed on or before June 7, 2021.

2. Federal Defendants' and Defendant-Intervenor's respective combined responses to Plaintiffs' motion for summary judgment and cross-motion for summary judgment, which shall be no more than 50 pages each, shall be filed on or before July 19, 2021.

3. Plaintiffs' combined reply in support of their motion for summary judgment and responses to Federal Defendants' and Defendant-Intervenor's cross-motions for summary judgment, which shall be no more than 40 pages, shall be filed on or before August 16, 2021.

4. Federal Defendants' and Defendant-Intervenor's respective replies in support of their cross-motions for summary judgment, which shall be no more than 25 pages each, shall be due on or before September 13, 2021.

The parties disagree as to certain issues regarding briefing, and each disagreement is identified below:

**A.     Need for a Statement of Undisputed Facts**.

In connection with the summary judgment cross-motions, the parties disagree about the size and need for separate statements of undisputed facts.

Plaintiffs intend to file a statement of undisputed facts as required by Local Rule

7.1 (b)(1). In factually complex environmental cases such as this one, the statement of facts provides a helpful summary of the relevant documents in the Administrative Record and any relevant, admissible extra-record materials. Plaintiffs request an enlargement of the page limit, from 10 pages to 15 pages due to the complexity of the claims in this case, and the fact that all claims will be resolved on cross-motions for summary judgment. In Plaintiffs' experience, providing the Court with a statement of facts is useful to the Court because it distills the relevant facts relied upon by each party from the relevant documents and affidavits.

This Court recently allowed a 5-page enlargement for the statement of facts in two similar cases: *Alliance for the Wild Rockies v. Higgins*, 2:19-cv-332-REB (Dkt 20, January 21, 2020) and *Yellowstone to Uintas Connection v. Bolling*, 4:20-cv-192-DCN (Dkt 53, March 25, 2021). In *Bolling*, this Court noted: "The Court sees no good cause to deviate from the local rule's required separate Statement of Facts." *Id* at 5. Moreover, this Court recently relied heavily on the parties' statements of fact in deciding the merits of *Higgins*. 2021 WL 1630546, at *3-5 (D. Id. Apr. 27, 2021).

Federal Defendants and Defendant-Intervenor seek leave to dispense with the requirement because Plaintiffs' claims are subject to judicial review under the APA. This is an administrative record review case, so all of Plaintiffs' claims should be decided based only on the administrative record. As such, there "are no disputed facts that the district court must resolve," as would be required under other motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). In other words, even if Federal Defendants and Defendant-Intervenor dispute some of Plaintiffs' "undisputed facts," the Court's role "is

to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Id.*

To the extent that the Court deems separate statements of undisputed facts necessary, Federal Defendants and Defendant-Intervenor respectfully request that the parties be allotted the same number of pages.

**B.    Request for Oral Argument.**

Plaintiffs and Defendant-Intervenor respectfully request oral argument. Federal Defendants take no position on oral argument, deferring to the Court whether it would benefit from a hearing on the parties' cross-motions for summary judgment.

**C.    Remedy.**

The parties disagree whether the summary judgment briefs should address what, if any, remedy is appropriate in this case. Plaintiffs' position is that the summary judgment briefing should contain arguments on the merits and the remedy so that the Court may issue one comprehensive decision on the merits and remedy, in order to avoid the type of procedural "mess" recently experienced by the District of Montana in *Native Ecosystems Council v. Marten*, 2020 WL 3064496, at *1 (D. Mont. June 9, 2020). This Court recently agreed that the remedy should be addressed in the summary judgment briefing in a similar case, despite the Forest Service's request for a separate round of remedy briefing. *See Alliance for the Wild Rockies v. Higgins*, 2:19-cv-332-REB, compare Dkt 11 (litigation plan) with Dkts 13 and 20 (orders).

Federal Defendants and Defendant-Intervenor contend that remedy briefing, if necessary, should be separate from and follow briefing on the merits so that the parties

could narrowly address only those remedies applicable to the particular violation (again, if any) found by Court in its decision on the merits. This is so because, when equity so demands, a court may elect not to vacate an agency decision on remand even after finding it unlawful. *See Humane Soc'y v. Locke*, 626 F.3d 1040, 1053 n.7 (9th Cir. 2010). As such, an appropriate remedy could not be adequately briefed prior to the Court's decision on the merits. Federal Defendants and Defendant-Intervenor thus respectfully propose that the Court stage briefing in this case.

Respectfully submitted on May 7, 2021,

> */s/ Rebecca K. Smith*
> REBECCA K. SMITH, IDAHO STATE BAR NO. 8346
> PUBLIC INTEREST DEFENSE CENTER, PC
> P.O. Box 7584
> Missoula, MT 59807
> (406) 531-8133 (telephone)
> (406) 830-3085 (fax)
> publicdefense@gmail.com
> Attorney for Plaintiffs
>
> and
>
> JEAN E. WILLIAMS
> Acting Assistant Attorney General
> Environment & Natural Resources Division
>
> */s/ Robert M. Norway*
> ROBERT M. NORWAY, DC Bar No. 490715
> EMMA L. HAMILTON, CA Bar No. 325360
> Trial Attorneys
> United States Department of Justice
> 150 M Street, N.E.
> Washington, D.C. 20002
> Telephone:  (202) 305-0479 (Hamilton)
>                       (202) 532-3202 (Norway)
> Facsimile:   (202) 305-0506
> emma.hamilton@usdoj.gov
> robert.m.norway@usdoj.gov

*Counsel for Federal Defendants*

**HAGLUND KELLEY LLP**

By: /s/ Julie A. Weis
    Julie A. Weis, OSB No. 974320, *pro hac vice*

**MCHUGH BROMLEY, PLCC**
Chris M. Bromley, ISB 6530

**AMERICAN FOREST RESOURCE COUNCIL**
Sara Ghafouri, OSB No. 111021, *pro hac vice*

Attorneys for Defendant-Intervenor Stimson Lumber Company